NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAJWINDER KAUR; MUSKANPREET
KAUR; GURWANSHPREET SINGH,

No. 24-2200

Petitioners,

Agency Nos.
A241-721-918
A241-721-917
A241-721-916

v.

PAMELA BONDI, Attorney General,

MEMORANDUM*

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025**
Portland, Oregon

Before: BYBEE and FORREST, Circuit Judges, and RODRIGUEZ, District
Judge.***

Petitioners Rajwinder Kaur and her two children, natives and citizens of India,

petition for review of the Board of Immigration Appeals' (BIA) dismissal of their

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Xavier Rodriguez, United States District Judge for the
Western District of Texas, sitting by designation.

appeal from the immigration judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is 'limited to the BIA's decision, except the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial evidence standard, we uphold the BIA's determination "unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1.     ***Asylum and Withholding of Removal.*** For purposes of asylum and withholding of removal, an applicant bears the burden of establishing, among other things, "[past] persecution or a well-founded fear of [future] persecution . . . ." *Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018) (alterations in original).

Substantial evidence supports the BIA's conclusion that Kaur did not suffer

---

[1] Kaur's minor children are derivative beneficiaries of their mother's asylum application. The minor children also filed their own separate applications, but their claims are based entirely on the same facts.

past persecution.[2] Kaur's claims relate to her husband's membership in the Sikh-driven Mann Party in Punjab. The BIA credited Kaur's testimony that after her husband left to the United States, she was threatened by Bharatiya Janata Party members and was twice arrested, slapped, and pushed down by Punjab police officers, all to get her to disclose her husband's location. During the second arrest, the officers threatened to have her strip naked and walk around the police station. But Kaur never sustained physical injuries, the two arrests were almost a year apart, the threats went unfulfilled, and the length of her detention—same day and overnight—was minimal.

Kaur contends the BIA erred by neglecting to address "crucially probative evidence" of two death threats she received. We disagree. The BIA need not discuss each piece of evidence submitted when nothing in the record or the BIA's decision indicates a failure to consider all the evidence. *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). When reviewing the agency's decision, we apply "a 'presumption that the BIA did review the record.'" *Hernandez v. Garland*, 52 F.4th 757, 771 (9th Cir. 2022) (quoting *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006)).

---

[2] We need not address whether a less deferential standard applies to our review of persecution determinations because we would reach the same conclusion under any standard. *See Lapdat v. Bondi*, 128 F.4th 1047, 1055–56 & n.6 (9th Cir. 2025)

Kaur did not testify to these death threats but included them in her written declaration. Kaur remained in Punjab after the first death threat without incident, and neither threat was accompanied by violence that caused Kaur to sustain physical injuries. Kaur's description of the death threats is also cursory and vague; she does not specify who made the threat. Because these threats are not "highly probative nor potentially dispositive evidence," *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011), "the Board need not expressly discuss [them]," *Hernandez*, 52 F.4th at 771.

Kaur did not demonstrate past persecution and so was not entitled to a presumption of future persecution. *See Duran-Rodriguez*, 918 F.3d at 1029. Substantial evidence supports the BIA's conclusion that Kaur did not otherwise demonstrate a well-founded fear of future persecution. Kaur's family members who remain in India, including her similarly situated brother-in-law who is also Sikh but not a Mann Party member, have not been harmed. Kaur was also able to pass through screening with her passport when leaving India. Kaur's asylum claim therefore fails, and with it her withholding claim.

2. ***Judicial Notice.*** Kaur requests we take judicial notice of a recent event that involves findings by the FBI "revealing the alleged involvement of the Indian Government in a plot to harm or potentially assassinate a supporter of the Khalistani movement" within the United States. We decline to do so. Generally, "we are limited to reviewing the facts considered by the Board[.]" *Fisher v. INS*, 79 F.3d 955, 963

(9th Cir. 1996) (en banc); *see* 8 U.S.C. § 1252(b)(4)(A). Kaur has not provided evidence of this event and *Gafoor's* "dramatic foreign development" exception does not apply. *Gafoor v. INS*, 231 F.3d 645, 655–57 (9th Cir. 2000), *superseded by statute on other grounds as stated in Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir. 2009).

3.      ***CAT.*** To be eligible for CAT relief, a petitioner must show that it is more likely than not that she would be tortured by or with the consent or acquiescence of a public official in the country of removal. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person[.]" 8 C.F.R. § 1208.18(a).

As Kaur failed to show past or future persecution, substantial evidence supports the BIA's conclusion that Kaur failed to demonstrate a likelihood of torture upon return to India. The country conditions do not show that Kaur, who is not a Mann Party member, "will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).

**PETITION DENIED.**